*Peepper*, for appellant.

---

## J. T. & A. MAGOWAN *v* M. R. EVERITT.

**Contracts—Failure to Comply With Terms—Election—Recision.**
When a vendee fails and refuses to comply with the terms of sale, the vendor may elect to treat the contract as rescinded or sue for the purchase price.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

November 26, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The appellee, M. R. Everett, brought this action against the appellants, John L. and James A. Magowan, who, with B. J.

Peters, were executors of James P. Magowan, deceased, alleging that said executors about the 1st day of January, 1859, sold and delivered to J. F. Calk a slave named Edmund belonging to their testator's estate at the price of $750, payable six months thereafter to be secured by note. That after the delivery of the slave to Calk he allowed him to return to his former home for his clothing, and thereupon the slave ran off and secreted himself, and shortly thereafter Calk sold his claim and chance of recovering the slave to the plaintiff for $800, who paid him $50 and agreed with him to assume his contract with Magowan's executors for the payment of said $750; but that the executors refused to accept either the note of Calk or the plaintiff, according to contract, and the defendants by some arrangement with the slave regained possession of him without right, and after having the use of him for several months sold and converted him to their own use, and received for him $1100 or $1150; the petition prays judgment for $1100 in damages.

The defense admits the sale of the slave to Calk, and that after formal delivery, the slave escaped from Calk, but the defendants allege that after the slave ran away Calk denied that he had been delivered to him, and refused to execute his note or otherwise comply with the terms of the sale, and thereupon the said executors elected to treat the contract as rescinded, and subsequently recovered possession of the slave, and sold him under their testator's will.

It was proved on the trial that the executors on the first convenient occasion after the sale requested Calk to comply with the terms of his purchase, by the execution of his note with security, and that he refused to do so, insisting that the slave had not been delivered to him.

And it was also proved that after Calk had refused to give his note, as aforesaid, and after the contract between him and the plaintiff the note of either Calk or Everett with sufficient surety, was offered to Peters, one of the executors, in compliance with the contract of sale, and that said Peters refused to accept said note for the reason that he did not consider that he was authorized to do so because the will of his testator required that two of the executors should concur in transacting such business.

The plaintiff recovered a verdict and judgment for $850, subject to a credit of $750; and the court, having overruled a motion

of the defendants for a new trial, they have brought the case to this court.

The court should have given the 5th, 7th and 8th instructions asked by defendants, and this error was not corrected by the two instructions given by the court at its own instance. The right of the defendants to regard the contract of purchase as abandoned by Calk is in the first instruction made to depend on their then treating it as abandoned at the time they called on him to execute his note for the purchase price, but they were not restricted to that identical time, for they could elect either to sue him for the price bid, or to treat the contract as abandoned by him at any time after said refusal up to his tendering a compliance with the terms of the sale and purchase.

The second instruction by the court is not so specific as to the time defendants could regard the purchase as abandoned by Calk, yet it does not correct the error of the first and, connected with it, was well calcu lated to mislead the jury.

Wherefore, the judgment is reversed, with directions for a new trial and further proceedings as herein indicated.

*Hazelrigg & Winn, Metcalfe, for appellants.*

*Turner, for appellee.*